FREDERICA H. K. SHIELDS et al., Respondents, v. EVELYN M. KENNEDY, Individually and as Administratrix of the Estate of THOMAS P. B. KENNEDY, Deceased, Appellant.

Third Department, May 9, 1961.

*De Graff, Foy, Conway & Holt-Harris (John T. De Graff and John T. De Graff, Jr.,* of counsel), for appellant.

*Oliver, Scully & Delaney (Joseph R. Scully* and *John J. Scully* of counsel), for respondents.

*Feeney & Ford* for Estate of Mary H. T. Kennedy.

*John A. Brady* for Catherine Griffin.

BERGAN, P. J.   In 1937 several members of the Kennedy family entered into a written agreement which dealt, among other things, with the title and management of real property. It was agreed that each party had stated "interests" in the property and in its income and proceeds.

One of the signatories, Joseph A. C. Kennedy died, and some, but not all, of his distributees in 1949 brought an action against Thomas P. B. Kennedy, the member of the family and signatory to the agreement who was vested with title and control of the property.   That action resulted in a judgment entered October

24, 1952 which determined, among other things, that the "title to the said real property is held by the defendant, Thomas P. B. Kennedy, for the purpose of carrying out the provisions of the agreement" of 1937.

The judgment also directed payments of money by Thomas P. B. Kennedy in favor of the plaintiffs and of some (but not all) interested parties who had been made defendants. The defendants to whom payment was directed by the 1952 judgment were, like the plaintiffs in that action, distributees of Joseph A. C. Kennedy.

Catherine K. Griffin and Mary H. T. Kennedy, who had signed the 1937 agreement and who were entitled to specific rights under it, were made parties defendant in the action leading to the 1952 judgment; but the judgment which was entered on motion of the attorney for the plaintiffs made no provision for paying these defendants any money.

It did adjudicate, as it has been noted, that Thomas P. B. Kennedy held the title to the property as trustee under the 1937 agreement, and, of course, Catherine K. Griffin and Mary H. T. Kennedy had property rights in that agreement which were settled by the judgment in the action in which they were parties.

The record before us does not make clear why the 1952 judgment made no provision for payment to these parties who had interests similar to those to whom payment was directed; and it may well be that Catherine K. Griffin and Mary H. T. Kennedy did not want payments made in that action; the reason is not now material.

The present action was instituted against Evelyn M. Kennedy, administratrix of Thomas P. B. Kennedy, by the same plaintiffs who instituted the first action as distributees of Joseph A. C. Kennedy and now, joining with them as plaintiffs, are the other distributees of Joseph A. C. Kennedy who had been defendants in the first action.

Omitted from this action are the parties to the 1937 agreement who had been parties defendant in the prior action, Catherine K. Griffin and Mary H. T. Kennedy. The latter has subsequently died, and when reference is made to her it shall relate to her executors.

This action seeks an accounting "to the plaintiffs" by the administratrix of Thomas P. B. Kennedy "of all moneys received as rent or other income" from the real property since April 24, 1953. The right to accounting, as pleaded in the complaint, is based both on the agreement of 1937 and the judgment of 1952. Such right to an accounting was considered

by the court at Special Term to have been established by the prior judgment, and interlocutory judgment directing defendant to account was entered April 29, 1957 as a matter of course.

Upon the accounting proceedings defendant applied to add as necessary parties the two signatories to the 1937 agreement and parties to the prior action, Mary H. T. Kennedy (by her executors) and Catherine K. Griffin.

This application was first denied at Special Term on grounds we recognize as entirely valid. This was because no direct application for such relief had been stated either in the order to show cause which brought on the application, or in the prayer for relief. Other relief had been sought on the application which is not in issue on this appeal.

The court noted that the relief by way of adding the new parties, not having been specified in the application, could only be considered "under the omnibus clause", i.e., "such other and further relief" etc., in the order to show cause. The court noted that "If any such relief is warranted, it should be on papers and notice specifically directed to obtaining that relief" and hence the application was denied without prejudice. This discretionary sort of decision, based on the form in which the application reached Special Term, is clearly within the court's discretion and ought to be upheld.

But on application for reargument, the question of the right to bring in the absent parties was not only squarely raised on sufficient notice; but was reached and determined on the merits by Special Term which granted the reargument and squarely considered and denied the application to add the absent parties. The court said: "The motion to add the parties sought to be added is denied."

We think the absentees are necessary parties to the accounting which has been directed. Their absence at the time of the interlocutory judgment of accounting in this action is not significant. The interlocutory judgment followed automatically in the wake of the prior judgment. The failure to join them earlier has prejudiced no one.

The court in the prior judgment determined unequivocally and plainly that the defendant's intestate held title to the property "for the purpose of carrying out the provisions of the agreement" in which the parties absent from this action were beneficially interested; and, indeed, were parties to the prior action which adjudicated the trusteeship.

When defendant accounts, as she is required to do, everyone beneficially concerned in that account should be before the court and be bound by the adjudication. If, as counsel has told us

154

on the argument, the absentees do not want to participate in this action, they may be made defendants (Civ. Prac. Act, § 194). They may, if they are so advised, let it go by default and need not appear; but when defendant makes her account under judicial compulsion she should do so with finality as to all parties who may be interested in the subject matter so that they, as well as the plaintiffs, shall be bound by the judicially supervised account.

Defendant should not be subjected to the risk of one lawsuit by one group of parties and to another suit by others having similar interests in the subject matter. We think the absentees are indispensable parties within section 193 of the Civil Practice Act, and they should be joined within the frame of section 192 of the Civil Practice Act.

Order entered September 15, 1960 denying defendant's application to bring in additional parties based on the form of application should be affirmed, without costs.

Order entered February 16, 1961 upon reargument denying the application on the merits should be reversed and motion granted, without costs.

GIBSON, HERLIHY and TAYLOR, JJ., concur.

Order entered September 15, 1960 denying defendant's application to bring in additional parties based on the form of application affirmed, without costs.

Order entered February 16, 1961 upon reargument denying the application on the merits reversed and motion granted, without costs.